# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**GARY LEON WEBSTER**　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
ADC #114018

v.　　　　　　　　Case No. 3:21-CV-00095-LPR

**COVAX**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## ORDER

Plaintiff Gary Leon Webster is incarcerated at the Tucker Unit of the Arkansas Department of Corrections. He has filed a *pro se* complaint and supplements, along with a Motions for Leave to Proceed *In Forma Pauperis* ("IFP"). (Docs. 1, 2, 4, 5, 6). Mr. Webster's IFP Motions (Docs. 1, 6) are DENIED based on his litigation history. His Complaint, as supplemented (Docs. 2, 4, 5), is DISMISSED without prejudice for failure to pay the filing fee. His Motions to Appoint Counsel (Docs. 3, 7) are denied as moot.

Mr. Webster sued Covax, a Covid-19 vaccine product. (Doc. 2 at 1). He explained that he declined to be vaccinated against Covid-19 based on his A-negative blood type. (*Id*. at 4). He claimed that vaccinated individuals can transmit the virus. (*Id*. at 5). He also claimed the Covid-19 virus is "learning evolution from an assassin, i.e., the vaccine . . . [the virus is] replicating itself, and issuing intel 'to its' twin (with added parts), to sacrifice that replication, and remain alive." (*Id*.). In Mr. Webster's supplement, he seeks to add the Serum Institute of India and "all of its companies" as Defendants. (Doc. 4 at 1). Mr. Webster alleges, among other pandemic and vaccine-related claims, that the World Health Organization "has disregarded the crisis in India: the 'unnecessary' outbreak of the adenovirus – severe acute respiratory coronavirus 2; designated: Covid19* is of global concern!!" (*Id.* at 4.) Mr. Webster also maintains "[t]hat the Serum Institute

of India . . . is responsible for 'collateral damage' from its gross irresponsibility." (Doc. 5 at 1). Mr. Webster seeks compensatory and punitive damages. (Doc. 2 at 6).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prior to filing this lawsuit on May 13, 2021, Mr. Webster filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Webster v. Does,* 3:19-CV-59-DPM (E.D. Ark.); *Webster v. Pigg*, 3:19-CV-60-DPM (E.D. Ark.); and *Webster v. Day Inn Motels, Inc., et al.,* 3:19-CV-78-DPM (E.D. Ark.).

A plaintiff with "three strikes" may proceed *in forma pauperis* only if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

For Mr. Webster to be able to proceed *in forma pauperis* in this case, he must establish he was in imminent danger of serious physical injury at the time he filed his Complaint. *See Ashley,* 147 F.3d at 717. Mr. Webster's pleadings do not indicate he was in imminent danger at the Tucker Unit at the time he filed his complaint. Accordingly, the imminent danger exception does not apply. *Ashley,* 147 F.3d at 717. Therefore, this case will be dismissed due to Mr. Webster's

failure to pay the filing fee.  Mr. Webster will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

IT IS THEREFORE ORDERED that:

1. Mr. Webster's Motions to Proceed *in forma pauperis* (Docs. 1, 6) are denied.

2. Mr. Webster's Complaint, as supplemented (Docs. 2, 4, 5) is dismissed without prejudice.

3. Mr. Webster's Motions to Appoint Counsel (Docs. 3, 7) are denied as moot.

4. Mr. Webster's Motion for Copies (Doc. 8) is granted.  The Clerk is directed to send Mr. Webster a copy of docket entry numbers 4 and 5 along with a copy of this Order.

5. Mr. Webster has thirty (30) days from the date of this order in which to reopen this case by paying the $402 filing fee in full.

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 25th day of June, 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE